1

2

3

4

5

6

7                        **IN THE UNITED STATES DISTRICT COURT**

8                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   DIRECTV, INC.,                              CASE NO. CV-F-03-6244 OWW LJO

11                    Plaintiff,                 **FINDINGS AND RECOMMENDATIONS ON
                                                 DEFAULT JUDGMENT MOTION**
12        vs.                                    (Doc. 43.)

13   ROJELIO ARROYO, et. al,

14                    Defendants.
     _____/

15

16        In this satellite piracy action, plaintiff DIRECTV, Inc. ("DIRECTV") seeks a $20,000 default

17   judgment against defendant Lawrence Weir ("Weir"), $1,718.55 in attorneys' fees and costs to be

18   awarded pursuant to Rule 54.  Weir has neither made an appearance nor filed papers in this action.  This

19   Court considered DIRECTV's default judgment motion on the papers and VACATED the June 24, 2005

20   hearing, pursuant to this Court's Local Rule 78-230(h).  For the reasons discussed below, this Court

21   RECOMMENDS GRANTING DIRECTV's default judgment in the amount of $10,000, plus $560.00

22   in attorneys fees and costs pursuant to Rule 54.

23                        **FACTUAL AND PROCEDURAL BACKGROUND**

24        DIRECTV is a direct broadcast satellite system that delivers various television programming to

25   more than 10 million customers in the United States.  DIRECTV electronically scrambles or encrypts

26   its satellite transmissions to prevent unauthorized viewing of its programming.   To view the

27   programming, customers must subscribe to and create an account with DIRECTV and obtain an access

28   card.

                                                1

_____On September 12, 2003, DIRECTV filed this action alleging Weir purchased and used two pirate access devices to access unauthorized viewing of DIRECTV programming. DIRECTV's complaint alleges causes of action for (first) unauthorized reception of satellite signals in violation of the Federal Communications Act of 1934 ("Communications Act"), 47 U.S.C. § 605[1], (second) unauthorized interception of electronic communications in violation of the Electronic Communications Privacy Act ("Wiretap Act"), 18 U.S.C. §§ 2510-2521,[2] (third) possession of pirate access devices in violation of section 2512(1)(b), and (fourth) conversion.

Default was entered against defendant Weir on April 15, 2004. (Doc. No.21.) DIRECTV seeks default judgment against Weir to award statutory damages under its second claim for violation of the Wiretap Act. The evidence establishes that defendant is not in military service. (Doc. 45, Exh. D to Decl. of Brandon Tran.)

## ANALYSIS & DISCUSSION

### Default Judgment Standard

A court (not clerk) default judgment is required when the claim is for an amount that is not certain or capable of being made certain by computation. *See* F.R.Civ.P. 55(b)(2). Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

A full scale evidentiary hearing on a default judgment is not required in every case. *See* F.R.Civ.P. 55(b)(2); *James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993). The amount of damages may be

---

[1]     47 U.S.C. § 605 *et seq.* prohibits the unauthorized use of wire or radio communications, including unauthorized interception and broadcast of pirated cable or broadcasting programming.

[2]     Unless otherwise indicated, all statutory references will be to Title 18 of the United States Code, the Wiretap Act.

Section 2511(a) prohibits intentional interception or endeavor to intercept any wire, oral, or electronic communication. Section 2520(a) provides a private civil right of action for violation of the Wiretap Act for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used."

1   fixed by affidavits or declarations. *Transportes Aereos De Angola v. Jet Traders Invest. Corp.,* 624

2   F.Supp. 264 (D. Del. 1985); *see Davis v. Fendler,* 650 F.2d 1154 (9th Cir. 1981).

3       Granting default judgment is within a court's sound discretion.  *Draper v. Coombs,* 792 F.2d

4   915, 924 (9th Cir. 1986).  Factors whether to grant default judgment include:

5           1.    The substantive merits of plaintiff's claim;

6           2.    The sufficiency of the complaint;

7           3.    The amount of money at stake;

8           4.    The possibility of dispute as to any material facts in the case;

9           5.    Whether default resulted from excusable neglect; and

10          6.    "The strong policy of the Federal Rules of Civil Procedure favoring decisions on the

11                merits."

12  *Eitel v. McCool,* 782 F.2d 1470, 1471-12472 (9th Cir. 1986).

13      With the entry of default in the case at hand, this Court may accept the factual allegations of

14  DIRECTV's complaint as true to assess liability.  DIRECTV pursues default judgment solely for

15  statutory damages under the Wiretap Act for violation of section 2511(a)(1).

16                          **DIRECTV's Wiretap Act Claims**

17      Section 2511, a criminal statute, prohibits the interception and disclosure of wire, oral or

18  electronic communications and provides in pertinent part:

19          (1)(a) . . . any person who intentionally intercepts, endeavors to intercept, or
            procures any other person to intercept or endeavor to intercept, any wire, oral, or
20          electronic communication . . . shall be punished as provided in subsection (4) or shall be
            subject to suit as provided in subsection (5).
21

22      Section 2520(a) provides for a private cause of action for violation of section 2511 and states that

23  "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally

24  used in violation of this chapter may in a civil action recover from the person or entity which engaged

25  in that violation such relief as may be appropriate."

26      Section 2520(c)(2) addresses computation of damages in connection with encrypted satellite

27  programming  and states:

28          . . . the court may assess as damages whichever is the greater of–

                                        3

(A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or

(B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

DIRECTV contends that it may bring a private cause of action under section 2520(a) for Weir's purchase and use of the pirate access device and which constitutes a section 2511(1)(a) violation under section 2520(c)(2)(B) entitling DIRECTV to $10,000. DIRECTV cites to *DIRECTV, Inc. v. Kimball,* No. 02-2964, 2004 WL 764261 (W.D. Tenn. 2004), where the court acknowledged a section 2520(a) private cause of action for section 2511(a)(1) violations because the words "intercepted, disclosed, or intentionally use" used in section 2520(a) are the same activities prohibited by section 2511(a)(1). DIRECTV also relies on: *DIRECTV, Inc. v. Hosey,* 289 F. Supp.2d 1259 (D. Kan. 2003) (a section 2520(a) private cause of action exists only against those who intercept, disclose, or intentionally use a wire, oral or electronic communication); *DIRECTV, Inc. v. Childers,* 274 F. Supp.2d 1287 (M.D. Ala. 2003) (although a plaintiff may not civilly recover under section 2520(a) based on possession of equipment proscribed by section 2512, a plaintiff can proceed civilly by showing a defendant violated section 2511(a)(1) because section 2520(a) includes a class of persons similar to section 2511(a)(1)); and *DIRECTV, Inc. v. Cardona,* 275 F. Supp.2d 1357, 1369 (M.D. Fla. 2003) (court acknowledged that section 2511(a)(1), which makes criminal actual practice of interception of wire, oral or electronic communications, is more properly aimed at protecting the particular victim, and Congress recognized that purpose by expressly providing a section 2520(a) private cause of action for victims of acts made criminal in section 2511(a)(1)).

Based on DIRECTV's uncontested allegations, Weir purchased, received by mail, and used the pirate access devices to intercept DIRECTV's programming to entitle DIRECTV to pursue a private civil action for section 2520(c)(2)(B) damages for section 2511(1)(a) violations. The complaint is sufficiently pled, indicating the substantive merits of DIRECTV's claim, i.e. unauthorized interception of its programming. Weir's failure to contest this action demonstrates the absence of disputed material facts. There is no evidence the default resulted from excusable neglect since service of the complaint appears in order. As such, consideration turns to the amount of damages, if any, DIRECTV is entitled to under 2520(c)(2).

4

### **Section 2520(c)(2)(B) Damages**

Section 2520(c)(2) permits a court to assess damages for violations of 2511(1)(a).  Although this Court has discretion whether to award damages under section 2520(c), if it awards damages, it lacks discretion as to the amount. *DIRECTV, Inc. v. Huynh*, 2004 WL 1123830, p. 7 (M.D. Ala. 2004); *DIRECTV, Inc. v. Perrier,* 2004 WL 941641, p. 3 (W.D.N.Y. 2004) ("the court's discretion extends only to granting damages strictly as provided in the statute or not granting damages at all; the court has no discretion to award damages in an amount between the statutory choices").  Section 2520(c)(2) gives the option to award the greater of "actual damages suffered by the plaintiff and any profits made by the violator" or  "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."  DIRECTV seeks statutory damages of $20,000 for two section 2511(1)(a) violations of Weir. DIRECTV does not seek actual damages or Weir's profits.

In deciding whether to award damages under section 2520(c)(2), courts, in similar DIRECTV cases, have applied these factors:

1.    Whether the defendant profited by his violations;

2.    Whether there was evidence that the defendant actually used his pirate access devices;

3.    The extent of  DIRECTV's financial harm;

4.    The extent of the defendant's violation;

5.    Whether the defendant had a legitimate reason for his actions;

6.    Whether an award of damages would serve a legitimate purpose; and

7.    Whether the defendant was also subject to another judgment based on the same conduct. *Huynh,* 2004 WL 1123830, p. 7.

DIRECTV provides evidence of "actual damages suffered by the plaintiff and any profits made by the violator."  DIRECTV provides evidence of the value of the services a person has access to, the value of subscription and movies viewed, the value of the programming purchased by a typical high-end subscriber, and the average bill sent to such subscribers.  DIRECTV estimates that its daily damages are $7.53 which it multiplies by the number of days that Weir used the device for damages of $8,252.88. DIRECTV states that its actual damages does not include significant expense incurred in investigating and preventing privacy. There is no evidence that Weir "significantly profited from his violations of the

1    statute or induced or assisted others in engaging in similar misconduct." *Perrier*, 2004 WL 941641, p.

2    4. DIRECTV argues that it would be entitled to statutory damages in the amount of $100 per day of the

3    violation which DIRECTV argues is 1,096 days. DIRECTV therefore states it would be entitled to

4    $109,600 in statutory damages.

5        DIRECTV states that it requested in the complaint that the Court award damages of $10,000 per

6    Pirate Access Device and does not request any other amount. Because DIRECTV does not seek other

7    damages, the Court declines to evaluate the evidence in support of DIRECTV's actual damages.

8        Plaintiff argues that it is entitled to two (the number of pirate access devices) times $10,000 in

9    statutory damages. Plaintiff cites *Community Television Systems, Inc. v. Caruso*, 134 F.Supp.2d 455,

10   460-461 (D.Conn 2000) for the proposition that each device purchased and used by a defendant

11   constitutes a separate violation of the Act. In *Community Television System,* the court assessed the

12   maximum statutory award of $10,000. In that case, the defendants had purchased and used only a single

13   pirate access device. The issue of possession and use of multiple pirate access devices was not before

14   the Court.

15       DIRECTV misconstrues section 2520(c)(2)(B) which authorizes statutory damages of $100 a day

16   for each day of violation **or** $10,000, whichever is greater. Since DIRECTV does not seek a per day

17   violation, it would be limited to maximum recovery of $10,000. This Court must keep in mind "the

18   potential of 2520(c)(2) to bring financial ruin to persons of modest means." *Reynolds v. Spears*, 93 F.3d

19   428, 435 (8th Cir. 1996).

20       An award of damages would serve a legitimate purpose to compensate DIRECTV. DIRECTV

21   has been financially harmed by Weir's conduct. Weir, by his default, has admitted that he violated

22   federal statutes by using and continuing to use the illegal device to intercept DIRECTV's satellite

23   programming. No mitigating factors have been established by defendant and no evidence contradicting

24   the proven allegations of the complaint have been proffered. The legitimate purpose an award of

25   damages would serve is deterence. Accordingly, the Court should find for DIRECTV in the amount of

26

27

28

1   $10,000.[3]

2   <u>**Request for Attorney's Fees**</u>

3   DIRECTV requests an award of attorneys' fees and costs to be established under Fed.R.Civ.P.

4   54. Fees requested are conflicting - either $1,718.55 (P&As, p. 1:14 and Exh. F to Brandon Tran Dec.)

5   Or $1,898.55 ("Conclusion" in P&As, p.15:6.)

6   A party aggrieved by a violation of 18 U.S.C. §2520 is entitled to award of reasonable attorney's

7   fees and costs. Section §2520 provides for recovery only of "reasonable" attorneys fees and costs. To

8   determine a "reasonable" attorney fee award, district courts generally start by calculating the "lodestar"

9   amount (the product of multiplying the number of hours reasonably expended on the litigation by a

10   reasonable hourly fee). *See Hensley v. Eckerhart*, 461 U.S. 424, 433-437, 103 S.Ct. 1933, 1939- 1941

11   (1983); *City of Burlington v. Dague*, 505 U.S. 557, 561, 112 S.Ct. 2638, 2641 (1992). The fee applicant

12   bears the initial burden of substantiating the hours worked and the rate claimed. *Strange v. Monogram*

13   *Credit Card Bank of Georgia,* 129 F.3d 943, 945 (7th Cir. 1997).

14   DIRECTV states that it incurred attorneys fees of $278.55 in prosecuting this action up to the

15   filing of this motion. (Brandon Tran Decl. ¶10.)  Two law firms were involved, Danner & Martyn

16   ($123.82 requested fees), and Buchalter, Nemer, Fields & Younger ($154.73 requested fees) currently.

17   DIRECTV argues that since the services provided spanned activities relating to all three defendants,

18   DIRECTV divided the total amount of fees required by 3, unless the service related solely to Weir.

19   (Brandon Tran Decl. ¶10.)  The amount requested for Danner & Martyn of $123.82.  The amount

20   requested for services provided by Buchalter, Nemer, Fields & Younger is $154.73 for services provided

21   before the filing of this motion.

22   In contrast to prior motions, counsel has provided a chart which breaks down the fees by date

23   and law firm. The chart corroborates the amount of fees requested for work performed by each law firm.

24   (Exh. F to Declaration of Brandon Tran)

25   The qualifications, however, of the attorneys who performed work from Danner & Martyn are

26   

27   [3] DIRECTV seeks damages for violation of 47 U.S.C. §605(a) "should the court not be inclined to award damages"
28   under 18 U.S.C. §§2511 and 2520.  Since the Court awards such damages under section 2511 and 2520, the Court does not
analyze the alternative remedy under 47 U.S.C. §605(a).

not provided.  The rates appear to be from $115 to $180 per hour.  The work performed was drafting the complaint and preliminary case management. The amount requested for this firm, $278.55, could be considered reasonable, but it is speculation as to whether the amount is reasonable without knowing the qualifications.  Therefore, the request for these fees is denied.

For the attorneys from Buchalter, Nemer who performed work, the only qualifications provided are for Brandon Tran. Mr. Tran, a 2002 graduate of UCLA law school,  performed .4 of the hours.  His requested rate $215 per hour. The other activities listed on Exhibit "F" are by Susan Burke, at a rate of $325 per hour.  Her qualifications are not provided and her fees are not allowed.

The attorney hourly rates are slightly above the market rate.  A district court should calculate this reasonable hourly rate according to the prevailing market rates in the relevant community.  *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 906 (9th Cir. 1995).  The relevant community is "typically the community in which the district court sits." *Id.*  An exception exists where plaintiffs have proven that "local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Schwarz v. Secretary of Health & Human Services*, 73 F.3d at 906 citing *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1993).

The prevailing rate in the relevant community is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Barjon v. Dalton*, 132 F.3d 501.  This Court has held in other litigations that the prevailing rate for top attorneys in the area is in the range of $225 to $250 per hour, with incremental decreases for attorneys of lesser experience and for staff.

A reasonable rate for Mr. Tran has been held in prior motions to be $175 per hour. Therefore, the Court will allow Mr. Tran's hours at an hourly rate of $175, or fees, pre-motion of $40 ($175 per hour x .4 hours divided by 2 (per Exh. "F")). Thus, his fees would be $35.

DIRECTV also requests fees incurred for preparing this motion for default judgment.

Brandon Tran spent 1.5 hours reviewing and revising the motion. Michelle Stone spent 3.5 hours preparing the motion.  The qualifications for Michelle Stone were not provided.  She maybe a paralegal, because her name does not appear on the pleadings, and her billing rate is $135 per hour.  In past

1  motions, the Court has awarded $75 per hour for a person such as Ms. Stone.

2      A reasonable rate for Mr. Tran is $175 per hour. Thus, his fees would be (1.5 hours x $175 =

3  $262.50.)

4      A reasonable rate for Ms. Stone is $75 per hour. Thus, her fees would be (3.5 hours x $75 =

5  $262.50).

6      Total fees awarded are $560.00 ($262.50 + 262.50 + $35.00).

7                                      **RECOMMENDATIONS**

8      For the reasons discussed above, this Court RECOMMENDS to:

9  1.      GRANT plaintiff a $10,000 default judgment against defendant Lawrence Weir in

10         statutory damages pursuant to 18 U.S.C. §2511,

11  2.      GRANT the request for an award of attorneys' fees in the amount of $560.00, and

12  3.      GRANT the request for costs to be awarded pursuant to Rule 54.

13      These findings and recommendations are submitted to the district judge assigned to this action,

14  pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. Within 10 court days after

15  service of these findings and recommendations on the parties, any party may file written objections to

16  these findings and recommendations with the Court and serve a copy on all parties and the magistrate

17  judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be

19  filed and served within 10 court days after service of the objections in compliance with this Court's

20  Local Rule 72-304(d). A copy of the responses shall be served on the magistrate judge. The district

21  judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. §

22  636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive

23  the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24  IT IS SO ORDERED.

25  **Dated:    June 22, 2005**                    **/s/ Lawrence J. O'Neill**
    b9ed48                                UNITED STATES MAGISTRATE JUDGE

26

27

28

                                          9